UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES, <br><br> — against — <br><br> JOHN J. GOTTI, <br> Defendant. | **17-CR-127 (ARR)** <br><br> **Opinion and Order** <br><br> **Not for electronic or print publication** |

ROSS, United States District Judge:

Andrew Keshner, a reporter for the New York Daily News, has asked this Court to unseal a letter submitted for the Court's consideration in sentencing by Elyse Lottier, grandmother of John J. Gotti. The government and defense counsel do not oppose unsealing, but jointly proposed redactions to the portions of this letter dealing with Mr. Gotti's and Ms. Lottier's medical histories. For the following reasons, Mr. Keshner's application is granted in part. An unsealed copy of Ms. Lottier's letter with the redactions requested by the parties will be filed on ECF with this opinion.

It is well-established that there is both a common-law and a First Amendment right of public access to judicial proceedings and documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006); *see also United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (collecting cases). The Second Circuit has held that these rights extend to sentencing proceedings. *United States v. Alcantara*, 396 F.3d 189, 196–99 (2d Cir. 2005). Further, the Second Circuit made clear in *Lugosch* that the presumption of public access is entitled to great weight whenever a party submits a document to the court for the purposes of influencing its decision, regardless of whether the court ultimately relies on this document. 435 F.3d at 123.

Although there is no Second Circuit caselaw addressing the specific question here—whether a letter of support sent by a third party to the court for sentencing purposes should be made publicly accessible—it is a logical implication of *Alcantara* and *Lugosch* that documents

submitted to the court for the purposes of sentencing are presumptively public. Other district courts in the Second Circuit have agreed. *See United States v. Dwyer*, 15-cr-385 (AJN), 2016 WL 2903271, at * 1–2, (S.D.N.Y. May 18, 2016) (ordering filing of un-redacted sentencing submission by defense counsel, as well as letters of support from friends and family, on ECF); *United States v. Huntley*, 943 F. Supp. 2d 383, 384–88 (E.D.N.Y. 2013) (ordering unsealing of defendant's sentencing memorandum); *United States v. King*, No. 10 Cr. 122 (JGK), 2012 WL 2196674, at *2 (S.D.N.Y. June 15, 2012) (ordering disclosure of defendant's sentencing submissions, including letters of support); *Sattar*, 471 F. Supp. 2d at 390 (ordering unsealing of redacted copies of a psychiatric report submitted by defendant's counsel in support of sentencing memorandum, as well as counsel's cover letter); *but see United States v. Gotti*, 322 F. Supp. 2d 230, 239–50 (E.D.N.Y. 2004) (holding, prior to *Alcantara* and *Lugosch*, that sentencing letters sent to the court would not be made public because the letters "did not influence the sentence" and thus the writers' privacy interests outweighed the common-law right of public access).

Importantly, however, the First Amendment and common law rights of public access are qualified rights that can be overcome by sufficiently strong countervailing interests. *Lugosch*, 435 F.3d at 120. "Such countervailing factors include but are not limited to . . . 'the privacy interests of those resisting disclosure.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995)). And individuals have a "considerable privacy interest" in medical information, like the information that the parties seek to redact here, "which surely are among an individual's most private matters." *United States v. Dare*, 568 F. Supp. 2d 242, 244 (N.D.N.Y. 2008). Nonetheless, "any claimed exception to the right of access should be based on a particularized showing of need, and any redactions would be required to be narrowly tailored to accomplish the overriding interest." *King*, 2012 WL 2196674, at *2 (*citing Press-Enterprise Co. v. Superior Court*, 478 U.S.

1, 13–14 (1986); *Lugosch*, 435 F.3d at 120.).

There is a split of authority among district courts in the Second Circuit on the question of whether the defendant's information can be redacted from sentencing submissions. Certain courts have refused to redact this information. *See id.* at *2–3 (redacting the medical information of defendant's family members but refusing to seal the defendant's own medical records); *Dare*, 568 F. Supp. 2d at 244 (refusing to redact the defendant's medical records, despite his strong privacy interest in these records, because he had "chosen to introduce the medical information in an attempt to mitigate his sentence"). Other courts have allowed the redaction of information relating to the defendant where it was of a highly personal nature and its release "would not promote any of the values associated with public scrutiny of the sentencing process." *Sattar*, 471 F. Supp. 2d at 388; *see also United States v. Roeder*, No. 05-CR-6161L, 2009 WL 385448, at * 2 (W.D.N.Y Feb. 13, 2009) (sealing letters from the defendant's psychotherapist and psychiatrist).

Ultimately, despite the heavy presumption of public access to letters submitted in connection with sentencing, two factors counsel in favor of the redactions requested by the parties here. The first is that this information implicates the privacy interests not only of Mr. Gotti but also of Ms. Lottier; it would be difficult, if not impossible, to protect Ms. Lottier's private medical information from disclosure without excising the portions pertaining to Mr. Gotti. *Cf. Amodeo*, 71 F.3d at 1050 ("'[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation.'" (citation omitted)); *King*, 2012 WL 2196674, at *3 ("[T]he sentencing submissions should be redacted to avoid disclosure of records containing medical information regarding the defendant's daughter and parents."). The second is that, unlike in *King* and *Dare*, the defendant here did not himself disclose or put his own medical history at issue. Ms. Lottier's letter was not submitted by defense counsel as part of a sentencing memorandum; instead, Ms. Lottier

3

apparently independently sought to convey information about her grandson to the Court. In doing so, she did not waive her grandson's considerable privacy interest in his medical information.

For all the foregoing reasons, a redacted copy of Ms. Lottier's letter to the Court will be made available for public viewing on ECF as an exhibit to this opinion.

Allyne R. Ross
United States District Judge

Dated: October 30, 2017
Brooklyn, New York

4